# JOSÉ AVALO SANCHEZ

*v.*

# JOSÉ SASTRAÑO BELAVAL ET AL.

---

San Juan, Law, No. 480.

A motion for a new trial that is based upon alleged errors of law only, should be denied where the court is satisfied that, if it committed any error, it was against the party in whose favor the verdict was returned.

Statement filed February 12, 1910.

---

*Mr. Henry F. Hord,* attorney for the plaintiff.

*Mr. Chas. Hartzell, J. A. Poventud, José de Guzman Benitez,* and *H. Belaval,* attorneys for the defendants.

RODEY, Judge, filed the following statement:

This cause is before us on a motion for a new trial. It was tried before a jury for the second time in December, 1909, the trial lasting several days. The motion for a new trial is in and of itself a carefully prepared argument. In addition, counsel for both sides of the case argued it orally at length and with great ability.

Sanchez v. Belaval.

We have gone over the record and the instructions given at both trials of the cause with great care. The litigation between these parties over this land began during the Spanish *régime* on this island, about seventeen years ago, and, as we have learned and can see from the record and the evidence, has been one of the most bitter contentions, in a legal way, that has taken place on the island during that time. It was fought through several courts to the Supreme Court of Spain in Spanish times, and has been several times before the supreme court of the island since American occupation. Two phases of it, both at law and in equity, have been before this court almost since its organization, and there is a chancery suit regarding it pending at the present time.

With reference to the case at bar, every issue connected with it has been contested and fought out time and again by able counsel before us, so that their arguments for a new trial were largely but a repetition of the points heretofore respectively made. In this particular suit, the main question is one of identity of land and as to whether the matter is *res judicata*. We have repeatedly ruled that the matter was not *res judicata*, and that the identity of the land was for the jury. Therefore, the jury having found for plaintiff, we do not think we ought to disturb their action. No matter which side wins the case, it is sure to go to the Supreme Court of the United States, and, while that should not be any reason for denying a new trial if it ought in fact to be granted, we only mention it with a view to emphasize our statement that we have ruled on it on the points in the case so often that we see no reason to change our ruling.

If we were right in letting the case to the jury at all, which we think we were, then we see no reason to set aside their ver-

Sanchez v. Belaval.

dict in the case. After the examination we have just given to the record, we are satisfied that if we committed serious error, it was in favor of defendants in excluding certain evidence offered by plaintiff. It will be more satisfactory all around to have this case passed upon by the Honorable the Supreme Court of the United States. We might state here that every proper legal facility to enable defendants to sue out a writ of error and secure a supersedeas will be granted.

We are therefore constrained to deny the motion for a new trial, and an order to that effect will be entered.